# UNITED STATES DISTRICT COURT
# ARIZONA – TUCSON

### February 17, 2021

USA v. Cory Konold               Case Number: 21-00109MJ-001-TUC-EJM

## ORDER SETTING CONDITIONS OF RELEASE

Defendant is ORDERED released on PERSONAL RECOGNIZANCE (O/R).

**NEXT APPEARANCE:** as directed by the Court.



## DEFENDANT IS SUBJECT TO THE FOLLOWING CONDITIONS:

1. The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

2. The defendant shall not commit any federal, state, tribal or local crime.

3. The defendant shall cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

4. The defendant shall IMMEDIATELY advise his/her attorney and Pretrial Services, in writing, PRIOR to any change in residence address, mailing address or telephone number.

5. The defendant shall report as directed to the U.S. PRETRIAL SERVICES 1-800-758-7505 or 520-205-4350; 405 W. Congress St., Suite 2600, Tucson, AZ 85701.

6. The defendant shall abide by the following restrictions on his or her personal associations, place of abode or **travel**: THE DEFENDANT SHALL NOT TRAVEL OUT OF THE STATE OF ARIZONA, UNLESS PRIOR COURT PERMISSION IS GRANTED TO TRAVEL ELSEWHERE.

    The defendant may travel directly to the prosecuting district, and through all states and counties in between the District of Arizona and the prosecuting district, for Court purposes and lawyer conferences express PRIOR Court or Pretrial Services permission is granted to do so.

7. The defendant shall avoid all direct or indirect contact with persons who are considered alleged victim(s) and potential witness(es) and co-defendants: Felicia Konold

8. The defendant shall not possess or attempt to acquire any **firearm**, destructive device, or other dangerous weapon or ammunition.

9. The defendant shall maintain or actively seek employment (or combination work/school) and provide proof of such to Pretrial Services.

CC:   Pretrial Services, USM

10. The defendant shall not use or possess a narcotic drug or other controlled substance (as defined by 21 U.S.C. § 802) unless prescribed for the defendant by a licensed medical practitioner; this provision does not permit the use or possession of medicinal marijuana even with a physician's written certification. The defendant shall not possess, ingest, or otherwise use a synthetic cannabinoid or synthetic narcotic. The defendant shall participate in drug treatment and submit to drug testing and make copayment toward the cost of such services, as directed by Pretrial Services. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance use testing or monitoring.

11. The defendant shall participate in the following location monitoring program component and shall abide by all program requirements. The defendant shall pay all or part of the cost of the participation in the location monitoring program as directed by the Court or Pretrial Services.

    **Home Detention:** The defendant is restricted to his/her residence at all times except for; employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by Pretrial Services.

12. The defendant shall submit to the location monitoring technology indicated below and shall abide by all technological requirements and instructions provided by Pretrial Services.

    1. ☒ Location monitoring technology at the officer's discretion
    ☐ Radio Frequency (RF) Monitoring
    ☐ Active GPS Monitoring
    ☐ Voice Recognition

13. The defendant shall reside at a residence approved by Pretrial Services and not relocate without prior permission.

## ADVICE OF PENALTIES AND SANCTIONS

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE | SIGNATURE | ADDRESS AND PHONE NUMBER OF DEFENDANT |
|---|---|---|
| 2/17/21 | for Cory Konold | Ref Pretrial Services Report - not public record |

**This order authorizes the U.S. Marshal to release the defendant from custody on 2/18/2021 from the cellblock Bag and Baggage from the Evo DeConcini U.S. District Courthouse, Tucson, Arizona.**

**Bond set by:** _Eric J. Markovich_     **Defendant released by:** _Judge Markovich_

Signed before me on this date: _2/17/2021_

By U.S. Magistrate Judge: _____
Witnessed and acknowledged before:

| DATE | SIGNATURE OF WITNESS |
|---|---|
| 2/17/21 | _____ |